**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3875
_____

JASON B. TIFFIN,
                                    Appellant

v.

USP – LEWISBURG WARDEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 13-cv-00851)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2014

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 31, 2014)
_____

OPINION*
_____

PER CURIAM

        Jason Tiffin, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania dismissing his petition for

_____
*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In November 2005, Tiffin was arrested in the State of Washington after police pursued a car in which he was a passenger and found him wearing body armor and possessing shot gun shells. While released on bond, Tiffin was found in possession of a firearm. He was taken into custody and convicted in state court of bail jumping. In 2007, Tiffin was convicted in federal court on charges of felon in possession of a firearm, felon in possession of ammunition, and felon in possession of body armor arising from the November 2005 incident. He was sentenced to ten years in prison. That same year, Tiffin was released from state custody to serve his federal sentence.

In 2013, Tiffin filed a complaint in District Court seeking relief pursuant to 28 U.S.C. § 2241 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Tiffin challenged the computation of his sentence. He claimed that his state and federal sentences should run concurrently, or that the state prison in which he was confined should be designated for service of his federal sentence, as discussed in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Tiffin also sought credit for time served at a Federal Detention Center. In response, the Government argued that the District Court should dismiss Tiffin's petition for failure to exhaust administrative remedies or deny relief because his sentence has been calculated properly.

[Type here]

The Magistrate Judge treated Tiffin's filing as a § 2241 habeas petition and concluded that he had failed to exhaust his available administrative remedies. The District Court adopted the Magistrate Judge's report and dismissed Tiffin's habeas petition. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Tiffin's claims are cognizable under § 2241. Barden, 921 F.2d at 478. Federal prisoners are required to exhaust their administrative remedies before filing a § 2241 habeas petition. Moscato v. Federal Bureau of Prisons, et al., 98 F.3d 757, 760 (3d Cir. 1996). A failure to satisfy the procedural rules of the Bureau of Prisons' administrative process constitutes a procedural default. Id. If such a default renders the administrative process unavailable, review of a habeas claim is barred absent a showing of cause and prejudice. Id. at 761.

The record reflects that the Bureau of Prisons has a three-step administrative remedy procedure that applies after an unsuccessful informal attempt at resolving a complaint. An inmate must submit an administrative remedy form to the prison Warden. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director. The inmate may then appeal to the Central Office of the Bureau of Prisons. Each step must be completed within a prescribed time. See Resp. to Habeas Pet. at Ex. 1.

[Type here]

Tiffin submitted an administrative remedy request seeking credit towards his federal sentence for time served in state and federal custody. The Warden denied the request because the credit Tiffin sought is barred by statute. The Warden, however, noted that Tiffin's request had been forwarded to the Designation and Sentence Computation Center ("DSCC") to consider whether the state prison in which he served his sentence should be designated for service of his federal sentence. See Barden, 921 F.2d at 484 (holding prisoner was entitled to such review).

Tiffin appealed to the Regional Director, who responded that his file was forwarded to the DSCC, that the results were still pending, and that he would be notified when a determination had been made. Tiffin appealed to the Central Office of the Bureau of Prisons, but on December 3, 2012, his appeal was rejected for failure to include a copy of his institution administrative remedy request. Tiffin was afforded 15 days to resubmit the appeal in proper form. Tiffin did not do so. Instead, he filed his habeas petition in District Court.

As recognized by the District Court, Tiffin did not complete his final level appeal and thus did not fully exhaust his administrative remedies. The 15-day period to resubmit his appeal has long passed. Under Moscato, his failure to satisfy the Bureau of Prison's rules constitutes a procedural default, at least with respect to any claim that was not forwarded to the DSCC for review.[1]

---

[1]The record does not include a decision by the DSCC on Tiffin's claim. The Government
[Type here]

Tiffin has not established cause excusing his procedural default. Tiffin argued below that he did everything he could but he was precluded from fully exhausting his remedies as a result of the prison staff's failure to mail his documents. Tiffin submitted documents reflecting that his second level appeal to the Regional Office was initially not received. Tiffin's Unit Manager, however, rectified the problem by asking that Tiffin be allowed to proceed outside the applicable time frames and verifying that Tiffin gave staff his appeal for mailing. Tiffin's appeal to the Regional Office was considered. These circumstances do not establish cause excusing the procedural default, which occurred at the final level of review, not when Tiffin appealed to the Regional Office.

Tiffin further argued in District Court that his final level appeal "never made it," that a Unit Manager at USP-Coleman was supposed to "give [him] a memo to refile," and that he "fought for weeks and weeks to get this." Traverse at 1. Tiffin stated that he was then transferred to USP-Lewisburg, that he was unable to get his counselor there to follow up with staff at USP-Coleman, and that, as a result, he filed his complaint in District Court.

To the extent Tiffin contends that the Bureau of Prisons Central Office did not receive his final level appeal, the record reflects that his appeal was received. Tiffin has

submitted the declaration of a DSCC employee providing that this is not a case where designation of concurrent service is warranted, but the status of the DSCC's review is not clear. Tiffin also does not contend that he exhausted his remedies through review by the DSCC. His claim under Barden was thus properly dismissed for failure to exhaust, although the record does not reflect that he procedurally defaulted this claim.
[Type here]

not squarely addressed the evidence submitted by the Government showing that his final level appeal was rejected for failure to include documents, other than stating that the evidence is a lie.  See Motion for Reconsideration at 1.  Tiffin appears to fault the prison for "blocking" him by failing to give him certain documents, but his assertions are not specific and he has not shown that his failure to resubmit his appeal might have been attributable to prison staff.  Tiffin also argues on appeal that he "never heard back" after he submitted his final level appeal, see Informal Brief at 2-3, but he appears to assert the same with respect to his appeal to the Regional Office, and that assertion is belied by the record.  In short, Tiffin's filings are insufficient to establish cause for his procedural default.

Accordingly, we will affirm the judgment of the District Court.

[Type here]